*E-FILED - 4/28/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CHAVEZ GODINEZ,<br><br>           Plaintiff,<br><br>    v.<br><br>ERICK LAMOE, et al.,<br><br>           Defendants. | No. C 08-1417 RMW (PR)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g) |

Plaintiff, a detainee at the Santa Clara County Jail and frequent litigant in this court, filed the instant pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed in forma pauperis. The court issues an order to show cause to plaintiff as to why the instant complaint should not be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA"), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

1  danger of serious physical injury." 28 U.S.C. § 1915(g).  Because § 1915(g) is a
2  procedural rule that does not raise retroactivity concerns, cases which were dismissed
3  before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying
4  dismissals or "strikes."  See Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

5        For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails
6  to state a claim on which relief may be granted" parallels the language of Federal Rule of
7  Civil Procedure 12(b)(6) and apparently means the same thing.  Andrews v. King, 398
8  F.3d 1113, 1121 (9th Cir. 2005).  A case "is frivolous if it is 'of little weight or
9  importance: having no basis in law or fact.'"  Id. (citation omitted).  "A case is malicious
10 if it was filed with the 'intention or desire to harm another.'"  Id. (citation omitted).  "Not
11 all unsuccessful cases qualify as a strike under § 1915(g).  Rather, § 1915(g) should be
12 used to deny a prisoner's IFP status only when, after careful evaluation of the order
13 dismissing an action, and other relevant information, the district court determines that the
14 action was dismissed because it was frivolous, malicious or failed to state a claim."  Id.
15 The prisoner must be given notice of the potential disqualification under § 1915(g) -- by
16 either the district court or the defendants – but the prisoner bears the ultimate burden of
17 persuasion that § 1915(g) does not bar pauper status for him.  Id.  Andrews thus
18 implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the
19 court to notify the plaintiff of the earlier dismissals it considers to support a § 1915(g)
20 dismissal and allow the plaintiff an opportunity to be heard on the matter before
21 dismissing the action.  See id. at 1120.

22       A review of the dismissal orders in plaintiff's prior prisoner actions in this court
23 reveal that he has had three such cases dismissed on the grounds that they were frivolous,
24 malicious, or failed to state a claim upon which relief may be granted.  See Godinez v.
25 Lamoe, C 05-0495 RMW (PR) (dismissed as frivolous); Godinez v. Lamoe, C 05-2276
26 RMW (PR) (dismissed for failure to state a claim); Chavez v. Bush, C 05-3899 RMW
27 (PR) (dismissed as frivolous).
28

Order to Show Cause  Re: Dismissal Pursuant to 28 U.S.C. § 1915(g)
P:\pro-se\sj.rmw\cr.08\Godinez417oscifp    2

1    In light of these dismissals, and because plaintiff is not under imminent danger of
2 serious physical injury, he is ordered to show cause within **thirty days** of the date this
3 order is filed, why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).[1]
4 In the alternative, plaintiff may avoid dismissal by paying the full $350.00 filing fee by
5 the court's deadline.
6    **Failure to file a response within thirty days of the date this order is filed or**
7 **failure to pay the full filing fee will result in the dismissal of this action without**
8 **further notice to plaintiff.**
9    IT IS SO ORDERED.
10 DATED:   4/21/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[1] The court notes that such a dismissal would be without prejudice to bringing his claims in a paid complaint. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

Order to Show Cause  Re: Dismissal Pursuant to 28 U.S.C. § 1915(g)
P:\pro-se\sj.rmw\cr.08\Godinez417oscifp      3